1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
10
    ROBERT BONDS,
11                                          No. C09-5239 RJB/KLS
                            Petitioner,
12                                          **REPORT AND RECOMMENDATION**
           v.                               **Noted for:  October 9, 2009**
13
    ELDON VAIL, et al.,
14
                            Respondents.
15
16          Petitioner Robert Bonds seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

17   This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to

18   Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Bonds seeks to challenge his 2001

19   convictions for attempted murder and unlawful possession of a firearm.  Dkt. 3.  Respondents

20   filed an Answer and submitted relevant portions of the State court record.  Dkts. 10 and 11.
21
     Petitioner filed a traverse.  Dkt. 12.
22
            Upon review, it is the Court's recommendation that Mr. Bonds' petition should be
23
24   dismissed with prejudice as his claims are unexhausted and he is procedurally barred from filing

25   a personal restraint petition in the Washington State courts.

26


    REPORT AND RECOMMENDATION - 1

# I. STATEMENT OF THE CASE

Mr. Bonds is in custody pursuant to his convictions for attempted murder and unlawful possession of a firearm.  Dkt. 11, Exh. 1.

# II. STATEMENT OF PROCEDURAL HISTORY

## A.    Direct Appeal

Mr. Bonds appealed from his convictions to the Washington Court of Appeals.  Dkt. 11, Exh. 3 (consolidated with the appeals of co-defendants, Miller and Wilson, Court of Appeals Cause No. 28847-8-II).  *Id*., Exh. 4.  The Washington Court of Appeals affirmed the convictions. *Id*., Exh. 32.

Mr. Bonds then sought review by the Washington Supreme Court.  *Id.*, Exh. 5.  As she had done in the Washington Court of Appeals (see Exh. 3), counsel for Mr. Bonds presented the following issues to the Washington Supreme Court:

> 1.      Did the trial court err in denying a motion to dismiss where the State's actions forced Bonds to choose between his right to a speedy trial and his right to effective assistance of counsel?

> 2.      Did the trial court err in permitting the State to introduce "expert" testimony by the lead detective, Detective Ringer, regarding the formation of gangs in Tacoma, their involvement in drug trafficking, and the defendants' affiliation with the gang where the only inference from the testimony was that gang members are bad people who engage in illegal activities?

> 3.      Did the trial court err in permitting the State to amend the information to change its theory of the case mid-trial, after voir dire, opening statements, and the examination of critical witnesses in the case, in violation of Bonds' constitutional right to be informed of the charges against him?

> 4.      Did the court deprive Bonds of due process in instructing the jury in such a way as to relieve the State of its burden of proving the essential element that the defendants had the premeditated intent to cause the death of a specific person?

> 5.      Did the trial court err in denying the motion for mistrial after a State's witness testified, in deliberate violation of the court's in limine ruling, that the

REPORT AND RECOMMENDATION - 2

defendants had shot at the victims and thrown a bomb at them on a prior occasion?

6. Did the trial court err in failing to grant a mistrial when the prosecutor committed misconduct during closing and closing rebuttal argument by implying that the Hilltop Crips had attempted to intimidate the one unbiased witness in the case, making a prejudicial reference to the case as "the Hilltop Crips on trial," referring to matters excluded by the court and outside the record, and implying that other persons involved in the case might have been held accountable in separate cases or might have been held accountable in separate cases [sic] or might have valid defenses to criminal charges?

7. Did cumulative error deny Bonds of his State and federal constitutional right to a fair trial?

Dkt. 11, Exh. 5, pp. 1-3.

Mr. Bonds also filed a pro se petition for review, presenting the following additional issue to the Washington Supreme Court:

(1) The trial court erred in allowing the out of court statements of Mr. Wilson and Mr. Miller, in there [sic] redacted form; in the joint trial with Mr. Bonds.

Dkt. 11, Exh. 6 at 1.

The Washington Supreme Court denied the petitions for review on May 3, 2005. *Id.*, Exh. 7. The Washington Court of Appeals issued its mandate on May 9, 2005. *Id.*, Exh. 8. Under Washington law, Bonds had one year from the date of the mandate, until May 9, 2006, to file a timely personal restraint petition challenging his convictions. RCW 10.73.090; RCW 10.73.100.

**B.    Personal Restraint Petition**

Mr. Bonds filed a personal restraint petition in July 2005. *Id.*, Exhs. 9 and 10. The State filed its response ( *Id.*, Exh. 11) and Mr. Bonds filed a reply. *Id.*, Exh. 12.

In his petition, Mr. Bonds raised the issues of deprivation of his Sixth Amendment right to confront witnesses against him based on the State's reliance on statements that Mr. Bonds'

REPORT AND RECOMMENDATION - 3

non-testifying co-defendants made to police, as well as the ineffective assistance of appellate counsel for failing to raise this issue in his direct appeal ("First Claim").  *Id.*, Exh. 9.

In May 2006, the Acting Chief Judge of the Washington Court of Appeals found the claim was not frivolous, appointed counsel for Mr. Bonds, and referred the petition to a three judge panel for consideration.  *Id.*, Exh. 13.

In July 2006, after the expiration of the time period imposed under RCW 10.73.090, Mr. Bonds' counsel moved to amend the personal restraint petition to include a claim that the trial court's unconstitutional closure of the courtroom from public access during pretrial and trial court proceedings violated his right to a public trial ("Second Claim").  *Id.*, Exh. 14.  The Commissioner of the Washington Court of Appeals granted the motion to amend.  *Id.*, Exh. 16.

The State moved to modify the Commissioner's ruling, arguing the amendment was barred under Washington's time bar statute, RCW 10.73.090.  *Id.*, Exh. 17.  The Washington Court of Appeals denied the motion to modify.  *Id.*, Exh. 19.  The State sought interlocutory discretionary review.  *Id.*, Exh. 20.  The Washington Supreme Court denied review.  *Id.*, Exh. 22. Although the Commissioner ruled that the lower court may have erred in granting the motion to amend, he found interlocutory review was not necessary because the ruling did not alter the status quo, and the lower court might still rule the new claim was time barred.  *Id.*, Exh. 22 at 3.

The parties filed supplemental briefs addressing the Second Claim.  *Id.*, Exhs. 23, 24 and 25.  The Washington Court of Appeals denied the First Claim, ruling that the co-defendants' redacted statements were properly admitted, *id.*, Exh. 26 at 1 and 5-10, but granted relief on the Second Claim, holding that the Second Claim was not time barred because Mr. Bonds was entitled to equitable tolling.  *Id.*, Exh. 26 at 10-15.  The court then ruled the trial court violated

Mr. Bonds' right to a public trial by closing the courtroom on four occasions. *Id.*, Exh. 26 at 1 and 15-18.

The State sought review by the Washington Supreme Court, arguing the amendment to the petition adding the Second Claim was time barred under RCW 10.73.090. *Id.*, Exhs. 27 and 28. The Washington Supreme Court granted review. *Id.*, Exh. 29. The parties filed supplemental briefing. *Id.*, Exhs. 30-33. The Washington Supreme Court reversed, ruling that the Second Claim was time barred under RCW 10.73.090. *In re Bonds*, 165 Wn.2d 135, 196 P.3d 672 (2008). Mr. Bonds moved for reconsideration. *Id.*, Exh. 34. The Washington Supreme Court denied Mr. Bonds' motion for reconsideration, and issued a mandate on February 19, 2009. *Id.*, Exh. 35 (Order Denying Motion for Reconsideration); Exh. 36 (Mandate).

## III. ISSUES FOR FEDERAL HABEAS REVIEW

Mr. Bonds presents the following ground for relief in his federal habeas corpus petition:

INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL <u>Smith v. Robbins</u>, 528 U.S. 259 (2000). Appellate Counsel Was Ineffective in Failing to Raise Confrontation; and Public Trial Claims.

Dkt. 3, p. 5 (CM/ECF pagination).

## IV. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Harris v. Pulley*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The question of whether Mr. Bonds has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court. Accordingly, the Court finds that an evidentiary hearing is not required.

## V. STANDARD OF REVIEW

This Court's review of the merits of Mr. Bonds' claims is governed by 28 U.S.C.§ 2254(d)(1). Under that standard, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The Court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

REPORT AND RECOMMENDATION - 6

# VI. DISCUSSION

Respondent contends that Mr. Bonds' federal habeas claim consists of two parts: (1) the First Claim, alleging that appellate counsel was ineffective for not raising a confrontation clause issue on direct appeal and (2) the Second Claim, alleging that appellate counsel was ineffective for not raising a right to public trial claim on direct appeal. Dkt. 10, p. 8 (citing Dkt. 3, p. 5 (CM/ECF pagination)). Mr. Bonds argues that both of his claims are based on the one legal principle that he was provided with ineffective counsel on appeal. Dkt. 12, p. 2.

Despite Mr. Bonds' contention that he has only "one overall claim," the record reflects that his First Claim was brought separately and that Mr. Bonds' counsel had to then file a motion to amend in the Washington Court of Appeals to present the Second Claim "as an additional constitutional error that was not previously briefed." Dkt. 14, p. 3. Indeed, the order granting leave to amend became the subject of separate litigation, with the state arguing that the Second Claim was untimely. Dkt. 19 (State's motion to modify order granting motion to amend).

The ruling of the Washington Supreme Court in denying the State's motion to modify the order allowing Mr. Bonds to amend his personal restraint petition is informative of the genesis of Mr. Bonds' claims:

> Robert Bonds was convicted with others of attempted first degree murder. Division Two of the court of Appeals affirmed the conviction on direct appeal, issuing its mandate in May 2005. Acting pro se, Mr. Bonds filed a personal restraint petition in the Court of Appeals in July 2005, arguing that a co-defendant's out-of-court statements were admitted at trial in violation of his right of confrontation. On May 5, 2006, the acting chief judge of the court of Appeals ruled that the petition was not frivolous, referred the petition to a panel of judges for determination on the merits, and appointed counsel for Mr. Bonds at public expense. The acting chief judge also set a briefing schedule.

> On July 27, 2006, Mr. Bonds's counsel moved to amend the personal restraint petition, asserting that in her review of the record she discovered possible reversible error in several orders closing the courtroom to the public during trial

REPORT AND RECOMMENDATION - 7

and pretrial proceedings. She submitted with the motion an amended petition arguing this issue. The State opposed the motion, but a commissioner of the court granted the motion on August 8, 2006. The State moved to modify the commissioner's ruling. On November 15, 2006, a panel of judges of the court denied the State's motion. The State now seeks this court's discretionary review, moving also for a stay of Court of Appeals proceedings pending this court's decision on the motion for discretionary review.

The State mainly argues that the Court of Appeals ruling permitting Mr. Bonds to file an amended petition conflicts with this court's decision in *In re Pers. Restraint of Benn*, 134 Wn.2d 868, 952 P.2d 116 (1998). In *Benn*, the petitioner timely filed a personal restraint petition but later moved to supplement his petition to challenge a self-defense instruction, filing his motion beyond the one-year time limit on collateral attack. This court noted that no rule allowed amendments to a personal restraint petition to relate back to the original petition, nor did the rules permit the court to waive the statutory time limit on collateral attack. *Id.* at 938-39. The court then examined the petitioner's challenge to the self-defense instruction and concluded that it was not based on a ground for relief exempt from the time limit. *Id.* at 939-40. The court therefore denied the motion to supplement. *Id.* at 941.

Here, as indicated, Mr. Bonds moved to amend his petition more than one year after his judgment and sentence became final, beyond the time limit on collateral attack. RCW 10.73.090(1). And the ground for relief he asserts – that the trial court unlawfully closed the courtroom to the public – does not appear to fall within any exception to the time limit. *See* RCW 10.73.100. Mr. Bonds urges that the time limit should be "equitably tolled." But even if equitable tolling is applicable to personal restraints, it is appropriate only when the party invoking it has exercised reasonable diligence and there is evidence of bad faith, deception, or false assurances preventing a timely filing. *In re Pers. Restraint of Carlstad*, 150 Wn.2d 583, 593, 80 P.3d 587 (2003). Mr. Bonds asserts no such circumstances. He points to the length of time it took the Court of Appeals to decide that the original petition was not frivolous. But the court did not act in bad faith, nor did it deceive Mr. Bonds or provide him false assurances. Nothing prevented Mr. Bonds from timely asserting the court closure issue.

The Court of Appeals therefore may have erred in permitting Mr. Bonds to amend his petition. But even if the court committed "probable error," as the State asserts, it ruling does not so "alter[] the status quo" or "limit[] the freedom of a party to act" as to merit interlocutory review. RAP 13.5(b)(2). In allowing Mr. Bonds to amend his petition, the Court of Appeals expressed no opinion about the timeliness of the new issues he raises. The State remains free to argue that the issue is time-barred, and the Court of Appeals could ultimately decide that issue in the State's favor. For the same reason, I am not persuaded that the Court of

Appeals "so far departed from the accepted and usual course of judicial proceedings" as to require this court's review at this time. RAP 13.5(b)(3).

The motion for discretionary review is therefore denied. . . .

Dkt. 11, Exh. 22.

Therefore, the court agrees that Mr. Bonds has brought two distinct claims, which shall be reviewed separately below. *See e.g., Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (While new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." ). *See also Beaty v. Stewart*, 303 F.3d 975 (9th Cir. 2002). [1]

## A.     Exhaustion of State Remedies

Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to exhaust state remedies, the petitioner must "fairly present" his federal claims to the state courts thereby giving the state the opportunity to address and correct alleged violations of the petitioner's federal rights. *Duncan*, 513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996). "[S]tate prisoners must give the state courts one full

---

[1] The court also notes that Mr. Bonds did not assert the Second Claim as one for ineffective assistance of counsel before the Washington Court of Appeals nor does he do so in his federal habeas petition. In his federal habeas petition, Mr. Bonds asserts the Second Claim as a due process violation based on trial court error: "Petitioner was deprived of his Sixth and Fourteenth Amendment rights to an open and public trial and due process when the state trial court closed the courtroom to the public on several occasions." Dkt. 4, pp. 3, 38. When the Washington Court of Appeals ruled that his Second Claim was timely, it framed the issue as: "Bonds asserts that the trial court violated his right to an open trial under *Bone-Club*, 128 Wn.2d at 256, and the public's right to access his trial under *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 36, 640 P.2d 716 (1982), when it closed the courtroom to the public on four occasions." Dkt. 11, Exh. 26, p. 15. *See also, In the Matter of the Personal Restraint of Bonds*, 165 Wash.2d 135, 196 P.3d 672, 674 (Wash. 2008) (characterizing Mr. Bonds' claims as (1) a claim asserting that the out-of-court statements of his codefendants violated his confrontation rights and that appellate counsel was ineffective in not raising that issue and (2) a claim that the trial court violated his right to a public trial and the public's right to open court proceedings).

REPORT AND RECOMMENDATION - 9

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Voerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

A complete round of the state's established review process includes presentation of a petitioner's claim to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), cert. denied 513 U.S. 935 (1994). However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), cert. denied 545 U.S. 1146 (2005). But see *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available").

"To 'fairly present' his federal claim to the state courts, [petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 365-66). The Supreme Court stated in *Gray v. J.D. Netherland* that to "fairly present" a claim to the state court, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of a claim." Rather, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." 518 U.S. 152, 162-63 (1996).

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000). A claim is also barred, despite the absence of a "plain statement," where the petitioner failed to exhaust state remedies, and the state courts would now find the claim to be procedurally barred under state law. *Coleman*, 501 U.S. at 735 n. 1; *Noltie*, 9 F.3d at 805. Washington law bars a defendant from filing a petition more than one year after the judgment becomes final. RCW 10.73.090. State law also bars the filing of more than one collateral challenge to a judgment and sentence. RCW 10.73.140; RAP 16.4(d).

## 1. Exhaustion of First Claim – Ineffective Counsel; Confrontation Issue

Respondents contend that Mr. Bonds did not exhaust his First Claim because he never presented the claim to the Washington Supreme Court. Dkt. 10, p. 8. Respondents also contend that Mr. Bonds is now procedurally barred from presenting his First Claim to the Washington Supreme Court because it is now more than one year since Mr. Bonds' judgment became final and he has already filed a collateral challenge to his convictions. Dkt. 10, p. 12 (citing RCW 10.73.090; RCW 10.73.140; RAP 16.4(d)).

Mr. Bonds raised his First Claim in his personal restraint petition before the Washington Court of Appeals, arguing that his appellate counsel was ineffective by failing to raise the ineffectiveness of Mr. Bonds' trial counsel when trial counsel did not object to the admission of his co-defendants' redacted statements. Dkt. 11, Exh. 9. The Washington Court of Appeals found that the trial court did not violate Mr. Bonds' right to confront the witnesses against him

by admitting the redacted co-defendant statements. *Id.*, Exh. 26, p. 10. Mr. Bonds never sought review in the Washington Supreme Court of the Washington Court of Appeals' decision on his First Claim. Therefore, Mr. Bonds did not present his First Claim on every level of state court review and the claim is, therefore, unexhausted.

Mr. Bonds does not dispute that he failed to raise his First Claim in the Washington Supreme Court, but argues that (1) he relied on advice of counsel that seeking review was both unnecessary and probably futile and (2) the entire file was before the Washington Supreme Court when the State filed a petition for review on the Second Claim. Dkt. 12, pp. 10, 24. Neither of these arguments is persuasive.

### (a)    Reliance on Advice of Appellate Counsel

In essence, Mr. Bonds is now claiming ineffective assistance of appellate counsel for not seeking review of his First Claim. However, such a claim would itself need to have been properly exhausted before presenting it to this Court for review. *See, e.g., Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979-980 (9th Cir.1988) (amended complaint did not relate back to original complaint where amended complaint alleged injuries "subsequent to, and independent of, the events on which [plaintiff] based his original ... claim"); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999) (amendment to habeas corpus petition claiming ineffective assistance of trial counsel for not filing an appeal did not relate back to original petition claiming ineffective assistance of trial counsel at trial and in sentencing).

To the extent Mr. Bonds is claiming that he has demonstrated good cause, his reliance on the advice of counsel does not constitute a procedural default representing good cause.

The good cause standard for failure to exhaust may be analogized to the "cause" required to overcome a procedural bar. *See Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D.Cal.

2005).[2]  A state court decision denying relief based upon independent state procedural grounds may bar federal habeas relief.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). However, in limited circumstance, the bar may be excused. If the petitioner has procedurally defaulted a claim, he may escape the consequences of the default by showing either "cause" and "actual prejudice," or a miscarriage of justice.[3]  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Only then will a federal court be able to address the merits of the otherwise defaulted claim. *See Coleman*, 501 U.S. at 730. "Cause" usually means some objective factor external to the petitioner which gave rise to the default.  *Id.* at 753 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)), *Hernandez*, 397 F.Supp.2d at 1207.  In this case, Mr. Bonds has failed to demonstrate an external factor, not attributable to him, which provides "good cause" for the failure to exhaust his state remedies on the First Claim.

Mr. Bonds contends that his court appointed appellate counsel failed to raise his First Claim in a petition for review to the Washington Supreme Court and that he relied on the advice of counsel that such a remedy was not available.  Dkt. 12, p. 10.  In *Coleman*, the court stated that ineffectiveness of counsel in violation of the Sixth Amendment can constitute the type of "external impediment" that satisfies the "cause" requirement because " 'the Sixth Amendment itself requires that responsibility for the default be imputed to the State." ' 501 U.S. at 754 (quoting *Murray*, 477 U.S. at 488).  However, Mr. Bonds had no right to counsel on a discretionary appeal and thus, no right to effective assistance of counsel.  Ineffective assistance of counsel constitutes cause only at those stages of the proceedings where the state has a

---

[2] The showing for "good cause" under procedural default is analogous to the "good cause" test as established in *Rhines v. Weber, 544 U.S. 269 ((2005); Hernandez*, 397 F.Supp.2d at 1206.

[3] "Miscarriage of justice" is not at issue in this case.

REPORT AND RECOMMENDATION - 13

constitutional responsibility to ensure competent representation. *See Wainwright v. Torna*, 455 U.S. 586 (1982).

Under *Coleman*, an error of appellate counsel on a discretionary appeal simply cannot constitute cause to excuse a procedural default in a federal habeas proceeding. Counsel's failure to raise the issue cannot be deemed "good cause" for the failure to exhaust state remedies. This is particularly true where, as here, appellate counsel's conduct did not prevent Petitioner from seeking state habeas relief on the unexhausted claim. *Hernandez*, 397 F.Supp.2d at 1207.

Further, Mr. Bonds' lack of legal knowledge is not "cause" because it is not an objective factor external to petitioner which prevented compliance with the exhaustion requirement. *See Kiber v. Walters*, 220 F.3d 1151, 1153-54 (9th Cir.2000). In the equitable tolling context, it has long been held that a petitioner's ignorance of the law or lack of expertise in the law does not excuse an untimely filing of a habeas corpus petition. *See Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D.Cal.1998); *Fisher v. Ramirez-Palmer*, 219 F.Supp.2d 1076, 1079 (E.D.Cal.2002); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1273 (D.Haw.1999); *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D.Tex.1998). This same reasoning is applicable here.[4]

**(b)     Reliance on Supreme Court's Discretion to Review Entire File**

Mr. Bonds also argues that the First Claim was properly exhausted because the entire file was before the Washington Supreme Court when the State filed a petition for review on the Second Claim and the Washington Supreme Court "had the discretion to review the confrontation portion of the ineffective assistance of appellate counsel claim." Dkt. 12, p. 11.

---

[4] The Ninth Circuit found that "good cause" is less stringent than the "extraordinary circumstances" used in equitable tolling. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a finding that a lack of legal knowledge establishes cause for a failure to exhaust would defeat the purpose of exhaustion as any petitioner could claim lack of knowledge to continually amend their Petition. *See Johnson v. Sullivan*, 2006 WL 37037 (C.D.Cal.), at n. 4.

REPORT AND RECOMMENDATION - 14

Mr. Bonds relies on RAP 1.2; *State v. Olson*, 893 P.2d 629 (1995); *State v. Aho*, 975 P.2d 512 (1999); *State v. Schaupp*, 757 P.2d 970, 972 n. 1 (1988). Dkt. 12, pp. 11-13. Mr. Bonds' reliance on these authorities is misplaced.

RAP 1.2(a) states:

> These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b).

In *Olson*, the Washington Supreme Court noted that the clear language of RAP 1.2 compels it to find that a technical violation of the rules should normally be overlooked and the case should be decided on the merits, particularly where the violation is minor and results in no prejudice to the other party and no more than a minimal inconvenience to the appellate court. *Olson*, 893 P.2d 629, 630-31 (Wash. 1995). In *Olson*, this rule was applied to compel consideration of the merits of appeal of a suppression order although the notice of appeal referred to the dismissal order and not specifically to suppression order because the dismissal order clearly stated that dismissal was based on suppression of evidence by trial court. *Id*.

In *Aho*, the Washington Supreme Court concluded that the case involved a due process rather than ex post facto violation, even though the focus of the parties' argument and the Court of Appeals' decision was whether an ex post facto violation occurred. The court explained its decision to review the case on that basis as follows:

> While ordinarily we will decide a case only on the basis of issues raised in the petition for review and the answer, RAP 13.7(b), this court has the authority to determine whether a matter is properly before the court, to perform those acts which are proper to secure fair and orderly review, and to waive the rules of appellate procedure when necessary to "serve the ends of justice." RAP 1.2(c), 7.3; see *Kruse v. Hemp*, 121 Wash.2d 715, 721, 853 P.2d 1373 (1993); *City of Seattle v. McCready*, 123 Wash.2d 260, 269, 868 P.2d 134 (1994) (court with inherent discretionary authority to reach an issue not briefed by parties if the issue

REPORT AND RECOMMENDATION - 15

is necessary for decision). This court may raise an issue sua sponte and rest its decision on that issue. RAP 12.1(b); *Greengo v. Public Employees Mut. Ins. Co.*, 135 Wash.2d 799, 813, 959 P.2d 657 (1998). One factor that we have considered in determining whether to exercise this authority is to decide whether the issue is a purely legal one. *McCready*, 123 Wash.2d at 269, 868 P.2d 134. Generally, we request additional briefing. See RAP 12.1(b); *Greengo*, 135 Wash.2d at 812-13, 959 P.2d 657. However, if briefing is not necessary to full and fair resolution of the issue, we will, in the rare case, decide the issue without additional briefing. *See Falk v. Keene Corp.*, 113 Wash.2d 645, 659, 782 P.2d 974 (1989); *Alverado v. Washington Pub. Power Supply Sys.*, 111 Wash.2d 424, 430, 759 P.2d 427 (1988).

*Aho*, 975 P.2d 512, 514 (Wash. 1999).

And in *Schaupp*, the Washington Supreme Court reviewed the trial court's vacation of the defendant's plea due to misrepresentation made by a prosecutor, even though the defendant had not assigned error to the trial court's finding as required by RAP 10.3(g). *Schaupp*, 757 P.2d at 972. In doing so, the Court noted:

> [U]nder RAP 1.2(a) a " 'technical violation of the rules will not ordinarily bar appellate review, where justice is to be served by such a review.... [W]here the nature of the challenge is perfectly clear, and the challenged finding is set forth in the appellate brief, [this court] will consider the merits of the challenge.' " *State v. Williams*, 96 Wash.2d 215, 220, 634 P.2d 868 (1981) (quoting *Daughtry v. Jet Aeration Co.*, 91 Wash.2d 704, 710, 592 P.2d 631 (1979)).

757 P.2d 973, n.1.

Conversely, Mr. Bonds' failure to raise his First Claim does not represent a mere "technical violation of the rules," nor can the First Claim be fairly considered an issue that was necessary to the Washington Supreme Court's decision as to the Second Claim. The sole issue before the Washington Supreme Court was whether equitable tolling permitted Mr. Bonds to submit an otherwise untimely amended personal restraint petition. *In re Bonds*, 196 P.3d 672 (2008). Thus, even if both the First and Second Claims can fairly be characterized as ineffective counsel issues, a claim that Mr. Bonds was denied effective assistance when his trial counsel

REPORT AND RECOMMENDATION - 16

failed to object to the admission of his co-defendants' statements is not related to the question of whether he timely submitted his Second Claim.

The court therefore finds that Mr. Bonds has failed to demonstrate good cause for his failure to exhaust the First Claim. It further finds that Mr. Bonds is now procedurally barred from presenting it to the Washington courts because more than one year has passed since his judgment became final on May 9, 2005 and he has already filed a collateral challenge to the convictions. RCW 10.73.090; RCW 10.73.140; RAP 16.4(d). Accordingly, the undersigned recommends that the First Claim be denied and dismissed with prejudice.

### 2. Second Claim – Right to Public Trial

Respondents further argue that because the Washington Supreme Court expressly held that Mr. Bonds' Second Claim was time barred, Mr. Bonds is procedurally barred in state court and therefore, the claim is not cognizable in federal court absent a showing of cause and prejudice. Dkt. 10, p. 8.

The Washington Supreme Court held the Second Claim was time barred under RCW 10.73.090. *In re Bonds*, 196 P.3d 672, 677. The Washington Supreme Court held that Mr. Bonds was not entitled to equitable tolling and that the amended personal restraint petition was untimely, and expressly declined to reach the merits of Mr. Bonds' claim. *Id*. ("Bond's amended PRP was untimely and we do not reach the public trial issue."). Respondent thus argues that the Second Claim is procedurally barred under state law and is not cognizable in federal court, absent a showing of cause and prejudice, or actual innocence.

Federal courts "will not review a question of federal law decided by a state court if the decision that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *King v.*

*Lamarque*, 464 F.3d 963, 965 (9ᵗʰ Cir. 2006). "[T]he procedural default doctrine is a specific application of the general adequate and independent state grounds doctrine. *Wells v. Maas*, 28 F.3d 1005, 1008 (9ᵗʰ Cir. 1994), *Fields v. Calderon*, 125 F.3d 757, 761-62 (9ᵗʰ Cir. 1997), *cert. denied,* 523 U.S. 1132 (1998). The procedural default doctrine "bar[s] federal habeas [review] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. *Coleman*, 501 U.S. at 729-30; *Hanson v. Mahoney*, 433 F.3d 1107, 1113 (9ᵗʰ Cir.), *cert. denied*, 547 U.S. 1180 (2006). A state procedural rule is considered an independent bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983); *LaCrosse v. Kernan,* 244 F.3d 702, 704 (9th Cir.2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *King*, 464 F.3d at 965. "A state ground is independent and adequate only if the last state court to which the petitioner presented the claim 'actually relied' on a state rule that was sufficient to justify the decision." *Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir.2004), *cert. denied*, 543 U.S. 1190 (2005); *Koerner v. Grigas*, 328 F.3d 1039, 1049-50 (9th Cir.2003).

Procedural default is an affirmative defense, *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir.2005), "and the state has the burden of showing that the default constitutes an adequate and independent ground." *Insyxiengmay*, 403 F.3d at 665-66; *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir.), *cert. denied,* 540 U.S. 938 (2003). However, "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual

allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, ... it is the State who must bear the burden of demonstrating that the bar is applicable." *Bennett*, 322 F.3d at 586; *King*, 464 F.3d at 966-67.

The Respondent contends that the Second Claim is procedurally barred due to the Washington Court's ruling that his claim was untimely under RCW 10.73.090.  Dkt. 10, p. 12. The Washington Supreme Court held as follows:

> Here, Bonds contends that equitable tolling should apply because the court's inaction in reviewing his PRP to determine its merit left him in a situation where his counsel, once appointed, could not discover the public trial issue until after the statute of limitations had run.  We first note that there is no constitutional right to counsel in post-conviction collateral attacks.  And, as the State points out, counsel will be provided at state expense only after the chief judge has determined that the issues raised by the petition are not frivolous.  In such cases, the issues generally are limited to those raised in the petition and identified by the court as having some merit.  Moreover, while Bonds's contention may be true, nothing prevented Bonds from timely asserting the public trial issue himself. Indeed, we require a pro se petition to comply with applicable rules and statutes and hold them to the same responsibility as an attorney.

> We are reluctant to apply exceptions to legislative time limits.  Adopting a rule for equitable tolling in the criminal context that mirrors the predicates in the civil context is consistent with the purposes of RCW 10.73.090 and this court's rather strict adherence in the statute of limitation in *Benn* and *Carlstad*.  Applying equitable tolling to Bonds's situation, however, would undercut finality of judgments, encourage untimely filing and amendments to collateral attacks, and unjustifiably expand the narrow equitable tolling exception.

> Bonds has not met the high burden of demonstrating that the amended PRP was untimely due to bad faith, deception, or false assurances.  At most, Bonds claims that he did not identify the public trial claim on his own and that the Court of Appeals delayed the appointment of counsel.

> We hold that application of the narrow equitable tolling exception under the facts of this case does not serve the purpose of RCW 10.73.090.  Therefore, Bond's amended PRP was untimely and we do not reach the public trial issue. We reverse the Court of Appeals and reinstate Bonds's convictions.

REPORT AND RECOMMENDATION - 19

*In re Bonds*, 196 P.3d 672, 676-77 (internal footnotes omitted).

Because Respondent has raised the defense of an independent and adequate state procedural rule, *see Paulino v. Castro*, 371 F.3d 1083, 1093 (9th Cir. 12004), the burden now shifts to Petitioner to place Respondent's affirmative defense in issue. *King*, 464 F.3d at 965 (9th Cir. 2006). "In most circumstances, the best method for petitioners to place the defense in issue is to assert 'specific factual allegations that demonstrate the inadequacy of the state procedure' by citing relevant cases." *King*, 464 F.3d at 967; *Bennett*, 322 F.3d at 586.

Mr. Bonds cites to three cases to support his claim that the Washington courts do not consistently apply RCW 10.73.090 and have applied equitable tolling to waive the timeliness rule: *State v. Littlefair*, 112 Wn. App. 749, 51 P.3d 116 (2002), *review denied*, 149 Wn.2d 1020 (2003); *In Re Hoisington*, 99 Wn. App. 423, 993 P.2d 296 (2000), and *State v. Robinson*, 104 Wn. App. 657, 17 P.3d 653, *rev. denied,* 35 P.3d 380 (2001). These cases do not convince this court that the Washington Supreme Court fails to apply its procedural rule regularly and consistently.

*Littlefair* establishes that RCW 10.73.090 can be subject to equitable tolling in a proper case. 51 P.3d at 121. In that case, the court found that RCW 10.40.200 gave the petitioner a statutory right, independent of any constitutional right, to be advised of the deportation consequences his plea. *Id.* at 126. Because he was not so advised, equitable tolling was applied to the one-year period for moving to withdraw his guilty plea from the date of his plea until the date he first discovered that deportation was a possible consequence. *Id.*

In *In Re Hoisington*, the prosecutor and defense counsel both thought that the maximum term for the crime charged was ten years and defense counsel so advised Hoisington, who pled guilty. 993 P.2d at 297. Before sentencing, both attorneys realized that the maximum term was

life in prison.  *Id.* Mr. Hoisington clearly raised the specific enforcement/ineffective assistance issue in his pro se brief in his first appeal, but the court failed to address the issue.  He raised the issue again in a subsequent appeal and in a prior personal restraint petition, but the court continued to ignore it.  *Id.*  Thus, the Court of Appeals held that Mr. Hoisington had exercised due diligence and the fault was with the court for not addressing his claim when he first raised it in his direct appeal and therefore, the one-year statute of limitation of RCW 10.73.090 should be equitably tolled.  *Id.* at 300-301.

In *Robinson*, while noting that the time limitations of RCW 10.73.090 may be equitably tolled, the Washington Court of Appeals held that a postal delay did not warrant equitable tolling.[5]  *Robinson*, 17 P.3d at 665.

These cases are of little help to Mr. Bonds.  These few dissimilar cases do not convince this court that the Washington courts do not consistently apply RCW 10.73.090.  In addition, although the Washington courts in those cases recognized that RCW 10.73.090 is subject to equitable tolling in a proper case, none of the cases support Mr. Bonds' contention that equitable tolling should apply because the court's inaction in reviewing his personal restraint petition left him in a situation where his counsel, once appointed, could not discover the public trial issue until after the statute of limitations had run.  This is particularly so, where the record is devoid of evidence that anything prevented Mr. Bonds from timely asserting the Second Claim himself.[6]

---

[5] For reasons not related to equitable tolling, the later case of *State v. Hurt*, 107 Wn. App. 816, 27 P.3d 1276 (2001), trumps Robinson with respect to incarcerated prisoners. *Hurt* adopted "the federal mailbox rule," under which the motion of an incarcerated prisoner is deemed filed when mailed. 107 Wn. App. at 828, 27 P.3d 1276.

[6] In his concurrence in *In Re Bonds*, Chief Justice Alexander disagreed that the remedy of equitable tolling is available in criminal cases only when bad faith, deception or false assurances caused the petitioner's late filing. Even assuming, however, that equitable tolling may apply where bad faith, deception or false assurances were not present, Justice Alexander concluded that the facts did not justify tolling because the ten-month delay by the Court of Appeals in acting on Bonds's PRP was not an extraordinary circumstance and was certainly far less egregious

Thus, Mr. Bonds has not met his burden to place Respondent's affirmative defense in issue, *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir.1998), *cert. denied*, 526 U.S. 1123 (1999), and he has procedurally defaulted his Second Claim. The Second Claim is, therefore, not cognizable in this court absent a demonstration of cause for the default and actual prejudice as a result of the alleged violation of federal law, or a demonstration that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Medley v. Runnels,* 506 F.3d 857, 869 (9th Cir.2007) (en banc). The petitioner has the burden of proving both cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Coleman*, 501 U.S. at 750. Mr. Bonds does not claim a "miscarriage of justice." [7]

To satisfy the "cause" prong, petitioner must show that "some objective factor external to the defense" prevented him from complying with the state's procedural rule. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Objective factors constituting "cause" include "interference by officials" making compliance with the procedural rule impracticable, as well as "a showing that the factual or legal basis" for the claims "was not reasonably available." *Id*. at 493-94 (internal quotes omitted). Constitutionally ineffective assistance of counsel also constitutes cause, but any attorney error short of that will not excuse procedural default. *Id.* at 494.

---

than the circumstances in *Littlefair* and *In Re Personal Restraint of Hoisington*, cases cited by the dissent in which equitable tolling has been applied. *In Re Bonds*, 196 P.3d at 677-78 (Alexander, C.J., concurring).

[7] *See Casey v. Moore*, 386 F.3d 896, 921 n. 27 (9th Cir.2004) ("[T]he fundamental miscarriage of justice exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime and petitioner supplements his constitutional claim with a colorable showing of factual innocence, which [petitioner] has not done."), *cert. denied*, 545 U.S. 1146 (2005); *Custer v. Hill*, 378 F.3d 968, 974 (9th Cir.2004) ("Because [petitioner] is not claiming innocence, [the Court] examine[s] whether he has asserted 'cause' and 'prejudice' to excuse his procedural default." (citation and internal quotation marks omitted)).

1        The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is

2   insufficient to satisfy the cause prong.  That is, "[w]hen a pro se petitioner is able to apply for

3   post-conviction relief to a state court, the petitioner must be held accountable for failure to timely

4   pursue his remedy to the state supreme court." *Hughes v. Idaho State Board of Corrections*, 800

5   F.2d 905, 909 (9th Cir. 1986) (finding petitioner's claims of illiteracy and lack of help in

6   appealing post-conviction petition, though unfortunate, to be insufficient to meet cause

7   standard); *Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998).   Once a petitioner

8   establishes cause, he must show "'actual prejudice' resulting from the errors of which he

9   complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)).  Such prejudice

10  exists if alleged errors worked to the petitioner's "*actual* and substantial disadvantage,

11  infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170

12  (emphasis in original).

13       Mr. Bonds has made no showing that some objective factor external to his defense

14  prevented him from complying with the procedural rules of the Washington courts.  Because Mr.

15  Bonds "cannot establish any reason, external to him, to excuse his procedural default," this Court

16  need not address the issue of actual prejudice." *Boyd*, 147 F.3d at 1127; *Thomas v. Lewis*, 945

17  F.2d 1119, 1123 n.10 (9th Cir. 1991).  Furthermore, because Mr. Bonds does not present new

18  evidence of actual innocence, this is not the kind of extraordinary instance where the petition

19  should be granted despite the absence of a showing of cause. *McCleskey*, 499 U.S. at 494;

20  *Murray*, 477 U.S. at 495-96.  See also, *Schlup v. Delo*, 115 S. Ct. 851, 867 (1995) ("The

21  exception is available only where the petitioner 'supplements his constitutional claim with a

22  colorable showing of factual innocence.'")

REPORT AND RECOMMENDATION - 23

Accordingly, the undersigned recommends that the Second Claim be dismissed with prejudice.

## VIII.  CONCLUSION

Mr. Bonds failed to properly exhaust the First Claim because he did not fairly present the claim to the Washington Supreme Court for review and as he has previously filed a personal restraint petition, he is now procedurally barred from presenting the First Claim.  The Second Claim is procedurally barred because the Washington Supreme Court expressly held that it was time barred.   Because the claims are unexhausted and procedurally barred and Mr. Bonds has made no showing of cause and prejudice or actual innocence, the petition should be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 9, 2009**, as noted in the caption.


DATED this  22nd  day of September, 2009.


Karen L. Strombom
United States Magistrate Judge