# United States District Court

WESTERN DISTRICT OF WASHINGTON

ROBERT BONDS

v.

ELDON VAIL, et al.,

JUDGMENT IN A CIVIL CASE

CASE NUMBER: C09-5239RJB/KLS

__ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

XX **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

The Court **ADOPTS** the Report and Recommendation (Dkt. 13). A de novo review of the records shows that petitioner's claims are unexhausted and procedurally barred. The Court agrees with the thorough and careful analysis set forth in the Report and Recommendation;

The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED WITH PREJUDICE**.

In the event that petitioner appeals the dismissal of the petition, the court must consider whether to grant or deny the petitioner a Certificate of Appealability. *See* 28 U.S.C. 2253(c)(3). The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioners must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). In this case, the petition was being dismissed as unexhausted and procedurally barred. However, a review of the record shows that the issue of encouragement to proceed further. Accordingly, a Certificate of Appealability is **GRANTED** on the following issue: Did petitioner exhaust his claim of ineffective assistance on appeal for appellate counsel's failure to raise a confrontation claim and a public trial claim?

   November 6, 2009     
Date

   BRUCE RIFKIN     
Clerk

   *s/CM Gonzalez*     
Deputy Clerk